Opinion to: SR TJ EVK ERA GCH LCH JB JS MM TGT













Opinion issued May 19, 2011.                                                                                                                                                                                                                                               



 

 

 

 

 

 

 

 

In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00262-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



PEDRO SHEPHERD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1204350

 

 




 



MEMORANDUM opinion

 A jury
convicted appellant Pedro
Shepherd of murder and assessed his punishment at twenty-eight years in prison.[1]  In two points of error, Shepherd contends
that the evidence is neither legally nor factually sufficient to sustain his
conviction for murder because the State failed to disprove beyond a reasonable
doubt that he acted in self-defense.  We
affirm.

Background

          Appellant
and the complainant, Lanathan Johnson, each sold narcotics at the same
apartment complex where appellant lived.  One morning in November 2006, a police
informant, MJ, who lived in the same complex, was in her apartment when she
heard an argument taking place outside.  Curious
to see what was going on, MJ went outside and saw the complainant talking with
a group of individuals, expressing anger because appellant’s narcotics sales
were infringing on his sales.  MJ
testified that, at this time, the complainant said that he was going to get a
gun.  Eventually, MJ diffused the
situation. 

Later that day, MJ
returned to the apartment complex and saw a crowd gathered outside but noticed
that the complainant was missing.  Fearing
that the complainant had gone to confront appellant, she ran toward appellant’s
apartment.  On her way, MJ witnessed
appellant fire a rifle at the complainant and two other men as the three of
them were running away from appellant; the two other men got away, but the
complainant was fatally shot and fell to the ground.  MJ acknowledged that she took cover and did
not see what transpired in detail, but at no point did she see the complainant
holding a gun.  The homicide
investigator, Louis Flores, confirmed the absence of a gun on the complainant’s
corpse.  However, the crime scene
officer, Ernest Aguilera, testified that he found a revolver with live
ammunition in its cylinder about eighteen feet from the complainant’s body.  The bullets were dented, indicating that the
trigger had been pulled but the gun did not fire.  There were no fingerprints on the gun.  

Appellant testified that
shortly before the incident, strangers knocked on his door and told him that the
complainant was upset with him and “had a gun for [him].”  Deciding to leave, appellant walked toward
his friend’s car, carrying the AK-47 for protection.  It was on his way to the car that appellant
encountered the complainant in a breezeway.  Appellant testified that the complainant pointed
a gun at him, prompting him to start shooting. 

A total of fourteen shell
casings were collected at the scene of the crime, all of which came from the
AK-47 type of firearm used by appellant.  Five of those shots hit the complainant, four
of which pierced his body from the back to the front.  After the shooting, appellant drove off with
his friend in the friend’s white Nissan Altima.  Appellant went to New Orleans and then North
Carolina for eight months following the incident.  Appellant admitted that when he was finally
arrested, he denied being at the apartment complex on the day of the shooting. 

Bronson Jones,
incarcerated in the same cell-block as appellant, testified that  he and appellant spoke about the incident and
that appellant admitted that he shot the complainant because he was
“short-stopping” his corner by selling drugs outside of his apartment and that
he did not think that the complainant had a gun.  Jones admitted that he was testifying because
he hoped to get a better deal for his own drug possession case, but that no
such deal had yet been made. 

Discussion

 
One commits murder if he intentionally or
knowingly causes the death of an individual or if he intends to cause serious
bodily injury and commits an act clearly dangerous to human life that causes
the death of an individual.  Tex. Penal Code Ann. § 19.02(b)(1)-(2)
(West 2003).  A person is generally
justified in using deadly force if he reasonably believes that deadly force is immediately
necessary to protect himself against the other’s use or attempted use of
unlawful force, and a reasonable person in the actor’s situation would not have
retreated.  Tex. Penal Code Ann. §§ 9.31(a), 9.32(a) (West 2003).  The defendant has the burden of producing
some evidence to support a claim of self-defense, including the justified use
of deadly force.  Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App.  2003) (analyzing burden of persuasion under
factual sufficiency challenge); see also
Saxton v. State, 804 S.W.2d 910, 913–14 (Tex. Crim. App. 1991) (cited in Zuliani as properly analyzing burden of
persuasion under legal sufficiency challenge). 
Once the defendant satisfies his burden, the State then bears the burden
of persuasion to disprove the raised defense. 
Id.  The State’s burden of persuasion does not
require it to produce evidence; it requires only that the State prove its case
beyond a reasonable doubt.  Id.  A
determination of guilt by the fact-finder implies a finding against the
defensive theory.  Id.  

Sufficiency of the Evidence

In two points
of error, appellant contends that the evidence is legally and factually insufficient
to sustain his conviction for murder because the State did not disprove his
assertion of self-defense beyond a reasonable doubt.

This court
reviews sufficiency-of-the-evidence challenges applying the same standard of
review, regardless of whether an appellant raises a legal or a factual
sufficiency challenge.  See Brooks v. State, 323 S.W.3d 893, 912,
924–28 (Tex. Crim. App. 2010); see also Ervin v. State, 331 S.W.3d 49,
52–56 (Tex. App.—Houston [1st Dist.] 2010, pet.
ref’d).  This standard of review is the standard enunciated in Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  See
Brooks, 323 S.W.3d at 912, 924–28.  Under this standard,
evidence is insufficient to support a conviction if, considering all the record
evidence in the light most favorable to the verdict, no rational fact finder
could have found that each essential element of the charged offense was proven
beyond a reasonable doubt.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Laster v. State, 275
S.W.3d 512, 517 (Tex. Crim. App. 2009).  We can hold evidence insufficient
under the Jackson standard in two circumstances: (1) the record contains
no evidence, or merely a “modicum” of evidence, probative of an element of the
offense, or (2) the evidence conclusively establishes a reasonable doubt. 
See Jackson, 443 U .S. at 320, 99 S. Ct. at 2789; see also Laster,
275 S.W.3d at 518.  An appellate court
presumes that the fact-finder resolved any conflicts in the evidence in favor
of the verdict and defers to that resolution, provided that the resolution is
rational.  See Jackson, 443 U.S. at 326, 99 S. Ct. at 2793.  As
the determiner of the credibility of the witnesses and the weight to be given
to their testimony, the fact-finder may choose to believe all, some, or none of
the testimony presented.  See Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).

Appellant contends that the evidence
is insufficient to support his murder conviction because the evidence shows
that the complainant pointed a gun at appellant, thus, justifying appellant’s
use of deadly force.  The only evidence
that raises the issue of justified use of deadly force, however, is appellant’s
own testimony that the complainant had a gun, MJ’s testimony that hours before
the shooting she heard the complainant say that he was going to get a gun, and
testimony that a revolver was found eighteen feet away from the complainant’s
corpse—a fact which might reasonably support an inference that the complainant
did have a gun.  The jury was also
presented with contradictory testimony that refuted appellant’s self-defense
claims, specifically, Jones’s testimony that appellant admitted to him that he
did not think that the complainant had a gun, MJ’s testimony that she never saw
complainant with a gun, and the lack of fingerprints or any other evidence to
establish a link between the complainant and the found revolver.  As the sole fact-finder and judge of witness
credibility, the jury was well within its province to believe the portions of
testimony refuting appellant’s self-defense claim and disbelieve the
contradictory testimony, thereby rationally determining that the complainant
did not have a gun and that the use of deadly force was not immediately necessary.  See Margraves,
34 S.W.3d at 919 (stating that as sole
judge of credibility of witnesses and, weight to be given their testimony, jury
may choose to believe all, some, or none of testimony presented).

After reviewing all of the evidence
in the light most favorable to the verdict, we conclude that a jury could have
reasonably found against appellant on the issue of self-defense beyond a
reasonable doubt.  We overrule
appellant’s first and second points of error. 

CONCLUSION

We affirm the judgment of the trial
court.

 

 

 

 

                                                          Jim
Sharp

                                                          Justice


 

Panel consists of Justices Jennings,
Alcala, and Sharp.

Do not publish.  Tex.
R. App. P. 47.2(b).

 











[1]           Tex. Penal Code Ann. § 19.02(b)(1)–(2),
(d) (West 2003).